UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CORY MIGUES ET AL | CIVIL ACTION NO. 6:23-CV-01661 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| STATE FARM FIRE & CASUALTY CO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

## REPORT AND RECOMMENDATION

Before the Court is a MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(B)(6) FILED STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"). (Rec. Doc. 10). The motion is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments, and for the reasons explained below, the Court recommends that the motion to dismiss be GRANTED and that all claims asserted against defendant State Farm Fire & Casualty Company be DISMISSED.

## Factual Background

Plaintiffs Cory Migues and Paula Migues allege that their property located in Jeanerette Louisiana was damaged by wind/hailstorm on January 2, 2023. (State Court Petition, Rec. Doc. 1-1, at ¶¶ 5, 7). Plaintiffs further allege that "Defendants, State Farm, and its subsidiary, Dover Bay, provided a policy of insurance, number XLH932901 (the "Policy"), to Plaintiffs which covered the [p]roperty against perils, including hail and wind" and that Defendants inspected the property but failed "to purposefully and/or negligently failed to identify and/or report significant relevant existing damages and fairly and promptly adjust the claim." (Petition, Rec. Doc. 1-1, at ¶¶ 8-10). On October 10, 2023, Plaintiffs filed suit in the 16th Judicial District Court, Iberia Parish, Louisiana against State Farm and Dover Bay Specialty Insurance Company ("Dover Bay") seeking damages for breach of the insurance contract and bad faith.

Defendants removed the matter to this Court on November 11, 2023, alleging that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum. (Rec. Doc. 1). On December 20, 2023, State Farm filed the instant motion on the grounds that State Farm did not issue a policy of insurance to Plaintiffs. Plaintiffs do not file an opposition to the motion.

## Applicable Standards

State Farm's motion seeks dismissal of Plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), which permits dismissal where the plaintiff fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). However, a district court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." Fed. R. Evid. 201; *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## Discussion

As a threshold matter, the Court notes that excerpts of policy XLH932901 which was named in the petition were attached as an exhibit to the Removal Notice (Rec. Doc. 1-2), and both policy XLH932901 which appears to have been effective January 17, 2023 to January 17, 2024 and policy XLH719601 which appears to have been effective January 17, 2022 to January 17, 2023 were attached to State Farm's motion. (Rec. Docs. 10-2, 10-3). Accordingly, the Court will consider these documents in ruling on the instant motion to dismiss. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004), *Collins*, 224 F.3d at 498–99. State Farm seeks dismiss because it did not issue either policy. Both policies state that they were issued by Dover Bay to Cory Migues, and both policies list Paula Migues as a co-applicant. Plaintiffs have not claimed that there were any other policies in effect and do not refute State Farm's assertion that it did not issue the policy. Thus, the Court finds no privity between Plaintiffs and State Farm. *Banks v State Farm Fire & Casualty Co.* 2023 WL 6466245, at *1 (W.D. La. Oct. 4, 2023) (granting motion to dismiss in favor of two State Farm insurers when policy was issued by third State Farm insurer). Because Plaintiffs cannot state a claim against Sate Farm, there can be no action for breach of contract. *Upper Room*

*Bible Church, Inc. v. Sedgwick Delegated Auth.*, 2022 WL 17735546, at *2 (E.D. La. Dec. 16, 2022) (quoting *Allday v. Newpark Square I Office Condo. Ass'n, Inc.,* 327 So.3d 566, 574 (La. App. 5th Cir. 2021)). As such, State Farm must be dismissed. *See generally Chiasson v. Dover Bay Specialty Ins. Co.*, 2023 WL 8284398 (W.D. La. Nov. 30, 2023) (granting unopposed motion to dismiss Dover Bay and State Farm Mutual Automobile Insurance Company when policy had been issued by State Farm Fire & Casualty Company).

## Conclusion

For the reasons discussed herein, the Court recommends that that the MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(B)(6) FILED STATE FARM FIRE AND CASUALTY COMPANY (Rec. Doc. 10) be GRANTED and that all claims by Plaintiffs Cory Migues and Paula Migues against State Farm Fire & Casualty Company be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 31st day of January, 2024.

_____
David J. Ayo
United States Magistrate Judge